IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIKRAM G. BILLA,

        Petitioner,                       No. CIV S 05-1554 GEB CMK P

    vs.

B. CURRY, Warden[1]

        Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has filed a motion to dismiss the habeas petition on the grounds that it is untimely under the one-year statute of limitations in the Effective Anti-Terrorism and Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1)(A), (d)(2). Petitioner has filed a response, which opposes the motion to dismiss and also requests that the court stay these proceedings "while petitioner resolves the issue of this petition being untimely and exhaustion of new claims...." (Doc. 28: 1:18-20.)  For the following reasons, the court recommends declining petitioner's request to stay the proceedings and recommends granting respondent's motion to dismiss.

///

---

[1] Pursuant to Fed. R. Civ. P 25(d) B. Curry is substituted for his predecessor.

I.  Request to Stay the Proceedings

Petitioner requests that we stay this proceeding so that he may resolve the issue of this petition being untimely and exhaustion of new claims.  Petitioner also asserts that "there are some issues which petitioner needs to resolve with his appellate attorney." (Doc. 28 at 1:18-22.)  The trial court has the inherent authority to control its own docket.  See Landis v. North American Co., 299 U.S. 248, 254-55 (1936).  At the same time, habeas proceedings implicate special considerations that place unique limits on the district court's authority to stay a case.  See Ruby v. United States, 341 U.S. F.2d 585, 587 (9th Cir. 1965).  In the instant case, however, it is petitioner who request that the court issue a stay, so considerations of expeditious hearing and determination are secondary to considerations of whether granting a stay would avoid hardship and inequity.

After careful consideration, the court finds that there is not good cause to stay this action.  Petitioner has not shown that a stay would bring any additional resolution to the issue of whether this petition is untimely.  Additionally, a stay of the petition would not serve to protect petitioner's ability to file his claims in federal court as it appears that the statute of limitations has already run on petitioner's claims.  See Rhines v. Weber, 544 U.S. 269 (2005).  Accordingly, the court finds that issuing a stay would not be a proper exercise of discretion and recommends that petitioner's request to stay this proceeding be denied.  See id. at 276-77.

I.  Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996.  AEDPA places a one year statute of limitations on the filing of petitions for writs of habeas corpus.  See 28 U.S.C. § 2244(d).  The one-year limitations period applies to all federal petitions filed after the effective date of AEDPA.  As this petition was filed

on July 24, 2006[2], AEDPA's statute of limitations applies. Untimely petitions are barred from federal review. See 28 U.S.C. § 2244(d).

Generally, a state prisoner challenging his custody has one year to file his federal petition from the date on which his conviction became final by the conclusion of direct review, or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). Calculating the timeliness of the federal petition requires more than simply looking at the date of the final state court judgment and the date the federal petition was filed. That is because the proper filing of a state habeas petition application concerning the pertinent conviction tolls the one-year limitations period. See 28 U.S.C. § 2244(d)(2).

AEDPA's one year statute of limitations provision is subject to equitable tolling. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998)(en banc). In order to win equitable tolling, a prisoner must demonstrate (1) extraordinary circumstances beyond the prisoners control that (2) made it impossible to file a petition on time. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Indeed, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." See Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003). The burden of demonstrating grounds for equitable tolling rests with the prisoner. See id.

///

---

[2] On August 4, 2005, Petitioner originally filed a "Motion for Extension of Time to File a Petition for Writ of Habeas Corpus," not a habeas petition. The first habeas application was filed on October 27, 2005. (Doc. 7.)

I. Background

Petitioner was convicted of second degree murder, arson, and insurance fraud. On December 26, 2000, he was sentenced to state prison for an indeterminate term of fifteen years to life, consecutive to a determinate term of three years. Upon direct appeal, the California Court of Appeal affirmed the judgment with a modification to sentence by judgment filed October 3, 2002. (Mot. to Dismiss, Ex. B.) The California Supreme Court affirmed the Court of Appeal's decision by an opinion filed November 24, 2003. (Id., Ex. C.) Petitioner did not file a petition for a writ of certiorari.

On July 8, 2005, petitioner filed an application for a writ of habeas corpus with the California Superior Court. The petition was denied by order filed July 23, 2004. On August 16, 2004, petitioner filed a habeas application with the California Court of Appeal. This petition was denied by order filed August 19, 2004. (Mot. to Dismiss, Ex. F.)

On May 18, 2005, petitioner filed a habeas application in the California Supreme Court. (Mot. to. Dismiss, Ex. G.) This petition was denied by order filed April 26, 2006. (Pet. at 116.) Also, on May 18, 2005, petitioner filed another habeas application in the California Court of Appeal. (Mot. to Dismiss, Ex. H.) This petition was denied by order filed May 26, 2005. (Id., Ex. I.)

Before the April 26, 2006 decision of the California Supreme Court, petitioner filed a habeas petition in this court on October 27, 2005. (doc. 7.) The court recommended that this petition be dismissed for failure to exhaust state remedies. (Doc. 10.) Prior to the findings and recommendations being adopted, petitioner filed, on May 8, 2006, a notification that he had exhausted his claims in the California Supreme Court. (Doc. 14.) Accordingly, the court vacated the findings and recommendations and allowed petitioner leave to either file an amended petition or proceed on the October 27, 2005 petition. (Doc. 15.) An amended petition was filed on July 24, 2006. (Doc. 18.)

///

III.   Discussion

Respondent moves to dismiss this petition on the grounds that it is untimely filed. There is no dispute that petitioner's state habeas petitions were properly filed. Additionally, there is no dispute that petitioner was entitled to interval tolling–that is tolling of the statute of limitations, during the time that the habeas petition in the Superior Court was denied (July 23, 2004) and the time the next state habeas petition was filed in the Court of Appeal. (August 16, 2004.) Bearing this in mind, the court considers whether petitioner's one-year statute of limitations had run by the time he filed his habeas petition with this court.

Petitioner's state court conviction became final by the expiration of time for seeking direct appellate review. The California Supreme Court filed its decision on direct review on November 24, 2003; petitioner had ninety days to seek direct review of this decision, meaning that, if he filed no petition for certiorari, his conviction became final on February 22, 2004. Petitioner did not seek certiorari; therefore, the first day of the AEDPA's one-year statute of limitations period was February 23, 2004.

Petitioner filed his first habeas petition, which bears a service date of July 4, 2004, in the California Superior court on July 8, 2004. Even giving petitioner the benefit of the doubt and assuming July 4, 2004 to be the date of service, petitioner had used 132 days of the one-year limitation period on July 3, 2004. The parties do not dispute that petitioner was entitled to interval tolling until the time that the California Court of Appeal denied his habeas petition on August 19, 2004. However, there was no prompt filing in the California Supreme Court after the Court of Appeal's denial. Instead, it was nearly nine months later that petitioner filed his habeas petition in the California Supreme Court.

The court cannot find that there was a properly filed post conviction petition pending after the August 19, 2004 denial. See Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846, 853-54 (2006). The court finds that August 20, 2004, the day after the Court of Appeal's denial of the habeas petition, became day 133 of the AEDPA's 365 day limitation period. The

AEDPA's 365 day limitation period expired 233 days later on April 10, 2005.  Petitioner had not filed any federal habeas petition at this time.  Accordingly, the court finds that petitioner's habeas application is untimely as it was not filed within the AEDPA's one-year statute of limitations period.

In his response, petitioner appears to argue that he is entitled to equitable tolling for the following reasons: (1) his appellate attorney failed to properly advise him his right to appeal and the statute of limitations for filing a federal petition and (2) there are no law books or forms in petitioner's language[3] which explain the AEDPA statue of limitations.  Petitioner's first contention is belied by the exhibits attached to his November 13, 2006 opposition.  Petitioner includes a letter from his counsel dated April 4, 2004 which specifically advises him that petitioner had a right to petition the federal courts for habeas relief and cautions petitioner to "[b]ear in mind that there is one year statute of limitations for filing in federal court, which begins to run at the conclusion of the case in state court." (Opp'n (doc. 28), at. *10.) Additionally, ordinary negligence of counsel is not an extraordinary circumstance which warrants equitable tolling.  See Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

In certain circumstances, a habeas petitioner's inability to obtain habeas materials in his own language or procure translation can be grounds for equitable tolling of the AEDPA's one-year statute of limitations.  See Mendoza v. Carey, 449 F.3d 1065 (9th Cir. 2006) see also, Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002)(equitable tolling may be justified if language barriers actually prevent timely filing).  Here, petitioner states that, even in communication with his attorney, "there was very little, if none at all, understanding of the English language, and nothing whatsoever of the rules, regulations, and procedures of the federal courts."  (Opp'n at 2:13-24.)  Petitioner asserts that he "has no understanding whatsoever of anything that is happening in [his] case. There are very few people in the entire prison system

---

[3]Petitioner is from India and his language is Punjabi.

who [he] can communicate with in [his] language."

Again, however, petitioner's assertions are contradicted by the record before the court. As an exhibit to his opposition, petitioner included correspondence from his appointed appellate attorney, which is dated April 1, 2004 (approximately one year before the expiration of the AEDPA's statute of limitations on April 10, 2005). (Opp'n (doc. 28), at *10.) The letter states in relevant part:

> In response to your recent letter, I am sending the transcripts in your case immediately. I did hear from the clerk of the Placer County Superior Court on March 9, 2004, that my letter was received and was forwarded to the judge, but I still have not received word whether your abstract of judgment has been corrected. From the tone of your most recent letter, [it] appears that you no longer require my services. This concludes my representation of you in your state appeal.

(Opp'n (doc. 28), at *10.) From the letter, it appears that petitioner was very cognizant of the issues in his case and was either communicating himself, or by translator, about the legal aspects of his case. The record reveals that petitioner's appointed appellate counsel sent petitioner a letter advising him of the state direct appeal process, which was translated into Punjabi. (Opp'n, at *23-25, 26.) Further, petitioner managed to file two state habeas petitions pro se well before the April 10, 2005 expiration of the AEDPA statute of limitations. The facts of the instant case are distinguishable from those of Mendoza, where the Ninth Circuit remanded petitioner's case to the district court to develop the record concerning whether petitioner's language barrier prevented him from filing his federal habeas appeal in a timely manner. See Mendoza, 449 F.3d at 1071. Here, it is apparent that petitioner could communicate in English or had access to a translator to help him with his case prior to the running of the AEDPA's one-year statute of limitations.

Accordingly, the court finds that equitable tolling is not justified in this case.

III.   Conclusion

In accordance with the above, IT IS HEREBY RECOMMENDED that

1. Petitioner's motion for a stay of this proceeding be denied.

        2. Respondent's motion to dismiss this habeas action on the grounds that it was filed beyond AEDPA's one year statute of limitations be granted.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   November 16, 2006.

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE